**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LINDA L. MCKINZIE, | No. 13-16995 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00587-JAT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, Senior District Judge, Presiding

Submitted November 20, 2015[**]
San Francisco, California

Before: KLEINFELD, WARDLAW, and PAEZ, Circuit Judges.

Linda McKinzie appeals the district court's judgment affirming the decision

of the Commissioner of the Social Security Administration ("Commissioner")

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

denying supplemental security income ("SSI") benefits.[1]  We have jurisdiction

pursuant to 28 U.S.C. § 1291, and we reverse.  We review de novo a district

court's order upholding the Commissioner's denial of benefits.  *Molina v. Astrue*,

674 F.3d 1104, 1110 (9th Cir. 2012).

McKinzie challenges the Commissioner's determination on three grounds,

arguing that the ALJ erred when he (1) discounted her treating physician's residual

functional capacity ("RFC") assessment and assigned greater weight to an

assessment by the agency's consulting examiner; (2) failed to fully credit

McKinzie's testimony regarding the severity and impact of her pain; and (3) issued

an RFC determination that was not supported by substantial evidence in the record

as a whole.

**1.**     Our case law and the applicable regulations favor "the opinion of a treating

physician over non-treating physicians" and the opinions of examining physicians

over non-examining physicians.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007);

20 C.F.R. § 404.1527.  The ALJ must make findings regarding which record

evidence to credit and must provide a detailed and thorough summary of the

facts—including conflicting clinical evidence—that explains his interpretation of

---

[1]  McKinzie applied for disability benefits on three occasions, and this appeal addresses her second application.  She was awarded benefits on her third application, effective September 10, 2013.

2

that information. *Orn*, 495 F.3d at 632 (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

The ALJ failed to identify specific reasons for discounting the opinion evidence provided by McKinzie's primary care physician, Dr. Duke. He found that Dr. Duke's analysis was contradicted by the evaluation of Dr. Sarma, a consulting physician, and he also found that Dr. Sarma's assessment of McKinzie's RFC rebutted the opinions of her treating physicians.

Neither of those grounds supports the ALJ's credibility determination of Dr. Duke, nor are they supported by substantial evidence in the record as a whole. McKinzie provided over a dozen contemporaneous clinical medical records from 2004 through 2010, including objective medical test results that supported her complained-of symptoms and her medical diagnoses. Dr. Duke, who had been McKinzie's physician for over ten years, evaluated his notes and the information in McKinzie's full medical record to complete two sets of RFC questionnaires.

In contrast, Dr. Sarma did not receive or review McKinzie's medical records, and he based his RFC assessment on a single medical examination. That RFC assessment was not supported by the weight of the record evidence and also contradicted the RFC assessment provided in McKinzie's first disability benefits application, when she was younger and her symptoms were less severe. Dr. Sarma

3

offered no explanation for his conclusion that McKinzie had fewer RFC limitations than in her prior application. The ALJ also failed to indicate what weight, if any, he assigned to Dr. Duke's opinions; instead, he only stated that Dr. Duke's opinions were inconsistent with Dr. Sarma's opinions. Because the ALJ's credibility determination was not supported by substantial evidence, it was error for the ALJ to discount Dr. Duke's opinions.

2. An ALJ must conduct a two-step analysis to determine whether testimony regarding subjective pain is credible. First, he must assess whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (citing *Bunnell v. Sullivan*, 947 F.3d 341, 344 (9th Cir. 1991) (en banc)). If the claimant presents adequate, objective evidence, and if there is no evidence of malingering, the ALJ must provide specific findings if he finds the claimant's testimony of pain not credible. *Id.*; *Reddick v. Chater*, 157 F3d 715, 722 (9th Cir. 1998).

Despite objective medical test results (EMGs, nerve conduction studies) that substantiated McKinzie's pain and symptom testimony, the ALJ discredited McKinzie's testimony on two bases. He noted that McKinzie's activities of daily living "indicate that she is not as limited as stated by Dr. Duke." He then stated

4

that "[t]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment."

Neither of those statements bears on McKinzie's credibility. The ALJ's first statement relates to Dr. Duke's credibility, not the credibility of the claimant. The ALJ's second statement is the kind of boilerplate language that "falls short of meeting the ALJ's responsibility to provide a discussion of the evidence and the reason or reasons upon which his adverse determination is based." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (internal quotation marks omitted) (quoting 42 U.S.C. § 405(b)(1)); *Lingenfelter*, 504 F.3d at 1035–36. Because the ALJ has provided no legally-sufficient basis for rejecting McKinzie's testimony, we credit as true McKinzie's pain and symptom testimony and accept her testimony as fact. *Lingenfelter*, 504 F.3d at 1040–41.

**3.** A claimant's residual functional capacity is the "maximum degree to which [an] individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 200.00(c). The Commissioner must evaluate the claimant's physical abilities and limitations in the context of her capacity to engage in regular, continuing work activity. *Id.* § 404.1545(b); *Lester v. Chater*, 81 F.3d 821, 833 (9th Cir. 1996).

5

When setting McKinzie's RFC, the ALJ relied almost exclusively on the reports of two consulting physicians, doctors Sarma and Griffith, as well as the prior RFC analysis from McKinzie's first application for disability benefits. Both extensive objective medical evidence and contemporary clinical notes by McKinzie's treating physicians indicated that McKinzie's carpal tunnel syndrome rendered her unable to engage in tasks requiring fine motor skills and repetitive use of her hands. The ALJ, without addressing that evidence, determined that McKinzie could frequently engage in reaching, handling, and fingering with certain limitations.

The ALJ's assessment is not supported by substantial evidence, and it failed to address whether McKinzie was capable of undertaking sustained work activity. Although McKinzie testified that she could engage in certain daily life activities, she noted that she was able to undertake household chores for only ten to thirty minutes. After completing a task, McKinzie required rest and frequent naps totaling five to eight hours per day to alleviate her pain. The weight of the record evidence indicates that McKinzie lacked the stamina and pain tolerance to engage in continuing work activity. The ALJ did not account for those stamina limitations when he set McKinzie's RFC and assessed whether jobs existed in the national economy that could accommodate McKinzie's limitations.

6

When an ALJ provides a hypothetical RFC assessment that does not adequately account for all of the claimant's medically determinable impairments, including impairments that are not severe, that assessment lacks an adequate basis in fact. *Ghanim v. Colvin*, 763 F.3d 1154, 1166 (9th Cir. 2014); *see also* 20 C.F.R. § 404.1545(a)(2). The ALJ's hypothetical failed to include several of McKinzie's known impairments, and as a result, the vocational expert's testimony did not establish that jobs existed in the national economy for an individual with McKinzie's impairments. Indeed, when McKinzie's counsel offered a hypothetical that included all of McKinzie's known impairments, the vocational expert testified that McKinzie's impairments required accommodation that would "preclude competitive employment."

4. The credit-as-true rule provides that when the record has been fully developed and further administrative proceedings would serve no useful purpose; the ALJ has failed to provide legally-sufficient reasons for rejecting claimant testimony or medical opinion; and the improperly discredited evidence, when credited as true, would require that the ALJ find the claimant disabled on remand, we may reverse and remand the case to the Commissioner to calculate and enter a benefits award. *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014); *Lingenfelter*, 504 F.3d at 1041. Despite the Commissioner's objections, the credit-

7

as-true rule remains the law of this circuit. *See Garrison*, 759 F.3d at 1019–20; *Orn*, 495 F.3d at 640.

This case satisfies all of the rule's requirements. The record is complete, and there is no need for the ALJ to attempt to construct post-hoc explanations to justify his determinations regarding Dr. Duke's opinion evidence, McKinzie's subjective pain testimony, and his RFC analysis. Crediting McKinzie's testimony and Dr. Duke's opinion evidence as true, the record compels the conclusion that McKinzie is disabled under the Social Security Act.

For the above reasons, we reverse the judgment of the district court and remand with instructions to remand to the Commissioner to calculate and award appropriate benefits.

**REVERSED and REMANDED.**

McKinzie v. Colvin, 13-16995

KLEINFELD, Senior Circuit Judge, dissenting:


I respectfully dissent.


We apply the deferential substantial evidence standard and must affirm if the administrative determination was supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[1]


Because Dr. Sarma's opinion was to the contrary, the ALJ needed to provide only "specific and legitimate" reasons to reject Dr. Duke's opinion.[2] The ALJ gave three reasons for rejecting Dr. Duke's opinion: (1) Dr. Duke's opinion was not supported by "contemporaneous examinations and objective medical findings," (2) Dr. Duke's opinion was contradicted by that of Dr. Sarma (an examining physician board certified in internal medicine) as well as by that of Dr. Jefferson, and (3) Ms. McKinzie's daily activities "indicated that she is not as limited as stated by Dr. Duke." As she herself described them, her daily activities

---

[1] Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

[2] See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996).

1

included caring for her pets, cooking, shopping, performing housework, and driving.

Dr. Duke provided a checklist noting abnormal gait and limited use of her hands. But Dr. Sarma reported that during his clinical examination Ms. McKinzie got on and off the examining table without assistance, had full strength in her arms and legs, and normal gait. Doubtless an important factor in Dr. Sarma's evaluation was his observation that Ms. McKinzie "gave inadequate effort" on one of the clinical tests. Another of McKinzie's own physicians, Dr. Adamany, a neurologist to whom Dr. Duke referred her, also observed her "normal gait" and "full active range of her fingers" on both hands.

The evidence from Dr. Sarma, Dr. Adamany, Dr. Jefferson, and Dr. Johnson, as well as Ms. McKinzie's daily activities, and Dr. Sarma's observation that Ms. McKinzie "gave inadequate effort on the pulmonary function test" provided a sufficient basis in the record for the ALJ's finding of fact that Ms. McKinzie's "statement concerning the intensity, sensitivity, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above functional capacity assessment." The same evidence constitutes a sufficient basis

2

in the record for the hypothetical posed to the vocational expert.[3]  On the basis of

this record, I would affirm the district court.

---

[3]  <u>Magallanes v. Bowen</u>, 881 F.2d 747, 756-57 (9th Cir. 1989).